1   **TROUTMAN PEPPER HAMILTON SANDERS LLP**
    Ronald I. Raether, Jr. (SBN 303118)
2   E-mail: ron.reather@troutman.com
    100 Spectrum Center Drive, Suite 1500
3   Irvine, California 92618
    Telephone:    949.622.2722
4   Facsimile:    949.622.2739

5   *Attorneys for Defendant Filmsupply, LLC*

6

7                   **UNITED STATES DISTRICT COURT**

8                   **NORTHERN DISTRICT OF CALIFORNIA**

9

10  | **JONATHAN TRIMBOLI**, | Case No. 3:24-cv-06752-JD |

    Plaintiff,            (Assigned to the Honorable James Donato)

11  v.                    **STIPULATED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS AND TO EXTEND DEADLINE TO ANSWER, MOVE, OR OTHERWISE PLEAD**

12

13  **FILMSUPPLY, LLC**, a Texas Limited
    Liability Company

14                        Complaint served:  September 26, 2024
                          Current response date:  November 27, 2024
15  Defendant.            New response date:  January 11, 2025

16

17          Plaintiff Jonathan Trimboli ("Plaintiff") and Defendant Filmsupply, LLC ("Filmsupply,"

18  collectively Defendant and Filmsupply are referred to as the "Parties"), hereby stipulate and move

19  the Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District

20  Court for the Northern District of Texas and to extend Filmsupply's responsive pleading deadline

21  forty-five (45) days up to and including January 11, 2025. In support of this stipulated motion, the

22  parties state as follows:

23          1.      On September 26, 2024, Plaintiff filed a Complaint against Filmsupply, ECF No. 1

24  ("Compl."), alleging three claims that are based on allegations related to Plaintiff's alleged use of

25  Filmsupply's website located at www.Filmsupply.com (the "Website"). *See, e.g.,* Compl. ¶¶ 3

26  and 34.

27

28

2.       The Website contains a Terms of Use governing Plaintiff's use of the Website. Paragraph 14(e) of the Terms of Use contains a forum selection clause which states, in relevant part, as follows:

> "YOU CONSENT AND AGREE ANY CLAIM OR DISPUTE BETWEEN YOU AND FILMSUPPLY THAT ARISES IN WHOLE OR IN PART FROM THE SERVICE SHALL BE DECIDED EXCLUSIVELY BY A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION LOCATED IN TARRANT COUNTY, TEXAS. To the fullest extent permitted under applicable law, you irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim that you are not subject to the jurisdiction of the above-referenced Texas courts and any objection that you may now or hereafter have to the laying of venue of any suit, action, or proceeding brought in any such court has been brought in an inconvenient forum."

https://www.filmsupply.com/terms-and-conditions, ¶ 14(e) (emphasis in original).

3.       The United States District Court for the Northern District of Texas is located in Tarrant County, Texas.

4.       Under 28 U.S.C. Section 1404(a), a court is authorized to, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." Section 1404 thus requires two showings: that "the transferee court is a proper forum in which the action could have been brought originally" and that "the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice." *Brown v. Newsom*, No. 23-cv-04040, 2024 U.S. Dist. LEXIS 101434, at *2 (N.D. Cal. May 1, 2024).

5.       Courts consider several factors when considering whether a transfer of venue is warranted, including: (1) "the state that is most familiar with the governing law," (2) "the plaintiff's choice of forum," (3) "the respective parties' contacts with the forum," (4) "the contacts relating to the plaintiff's cause of action in the chosen forum," (5) "the differences in the costs of litigation in the two forums," (6) "the availability of compulsory process to compel attendance of unwilling non-party witnesses," and (7) "the ease of access to sources of proof." *Clark v. VIP*

*Petcare, LLC*, No. 22-cv-08935, 2023 U.S. Dist. LEXIS 217274, at *3 (N.D. Cal. Dec. 6, 2023) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

6.     However, when a forum selection clause exists, it is well-recognized that this clause is presumptively valid and must be enforced absent an overwhelming showing that public interest factors warrant setting aside the Parties' agreed upon choice of forum. *See Atl. Marine Const. Co.,* 571 U.S. at 64-65 (stating that while a court "may consider arguments about public-interest factors only," "those factors will rarely defeat a transfer motion" and "such cases will not be common"); *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) ("[F]orum selection clauses are presumptively valid").

7.     With these principles in mind, the Section 1404(a) factors demonstrate this matter should be transferred to the Northern District of Texas.

8.     First, the Northern District of Texas has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under a law of the United States (*i.e.,* the Video Privacy Protection Act). Compl. at ¶ 8.

9.     Second, the Northern District of Texas has personal jurisdiction over Filmsupply because Filmsupply is a Texas limited liability company with its principal place of business in Tarrant County, Texas, *Id.* at ¶ 7, and over Plaintiff, because Plaintiff consented to the jurisdiction of the Northern District of Texas. *See Stipulation,* at ¶ 2.

10.    Third, venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's allegations occurred in the District and the parties consented to venue being proper in the Northern District of Texas. *See id., supra* at ¶ 2.

11.    The Parties agree that the Northern District of Texas is not an inconvenient forum. *See Atl. Marine Constr. Co.,* 571 U.S. at 64 ("when parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

12.    Fourth, the cost of litigating a putative class action is the same in Northern District of Texas as it is in the Northern District of California.

13.     Fifth, the Northern District of Texas and this Court have the same ability to compel the attendance of unwilling non-party witnesses in this case.

14.     Sixth, Filmsupply is located in the Northern District of Texas and its witnesses, policies, and business records are located in that jurisdiction.

15.     Finally, the Northern District of Texas is familiar with and capable of resolving the three claims at issue here: (1) the Video Privacy Protection Act (18 U.S.C. § 2710); (2) the California Video Privacy Protection Act (Cal. Civ. Code § 1799.3); and (3) California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). The Parties stipulate that the Northern District of Texas is familiar with the Video Privacy Protection Act (18 U.S.C. § 2710) and that Plaintiff's claim under California's Video Privacy Protection Act (Cal. Civ. Code § 1799.3), is nearly identical to Plaintiff's claim under the Video Privacy Protection Act. *See Fan v. NBA Props. Inc.,* No. 23-cv-05069, 2024 U.S. Dist. LEXIS 57205, at *5 (N.D. Cal. Mar. 26, 2024) ("The parties agree that the elements of both statutes are similar, except that the VPPA imposes more stringent requirements for consent, including that the consent is "informed, written consent . . . in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer.").  In addition, the Northern District of Texas is familiar with California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). *See, e.g., PHP Agency, Inc. v. Martinez,* No. 21-cv-00418, 2022 U.S. Dist. LEXIS 174572, at *5 (N.D. Tex. Sept. 27, 2022) (addressing claims under California's Unfair Competition Law).

16.     On October 25, 2024, the Parties filed a stipulation extending the time for Filmsupply to answer, move, or otherwise plead in response to the Complaint from October 28, 2024 until November 27, 2024. ECF No. 12. The extension for an additional forty-five (45) days, until January 11, 2025, is not for the purpose of delay, but to enable the parties to confer and the case to be transferred.

17.     This Stipulation is submitted solely for the purpose of this Stipulated Motion to Transfer Venue and without prejudice to any Party's claims or defenses in this case.

Accordingly, for the foregoing reasons, the Parties stipulate to extend Filmsupply's responsive pleading deadline forty-five (45) days until January 11, 2025 and to transfer this action

1  to the Northern District of Texas. A proposed form of Order is filed with this Stipulation for the

2  Court's convenience.

3          IT IS SO STIPULATED on this 20th day of November 2024.

4  **MILBERG COLEMAN BRYSON**                **TROUTMAN PEPPER HAMILTON**

5  **PHILLIPS GROSSMAN, PLLC**               **SANDERS LLP**

6
   By: *s/John J. Nelson*                     By: *s/Ronald I. Raether, Jr.*

7     John J. Nelson, Esq.                        Ronald I. Raether, Jr., Esq.
      MILBERG COLEMAN BRYSON                      TROUTMAN PEPPER HAMILTON
8     PHILLIPS GROSSMAN, PLLC                     SANDERS LLP
      402 W. Broadway, Suite 1760                 100 Spectrum Center Drive, Suite 1500
9     San Diego, CA  92101                        Irvine, California 92618
      Telephone: (858) 209-6941                   Telephone:949.622.2722
10    Email: jnelson@milberg.com                  E-mail: ron.reather@troutman.com

11
                                                *Attorneys for Defendant Filmsupply, LLC*
12 **HAMMOND LAW, PC**

13
   By:  *s/Julian Hammond*
14    Julian Hammond, Esq.
      1201 Pacific Ave., Suite 600
15    Tacoma, WA 98402
      Telephone: 310-601-6766
16    Email: jhammond@hammondlawpc.com

17 *Attorneys for Plaintiff Jonathan Trimboli*

18

19

20                         <u>**L.R. 5-1(i)(3) Attestation**</u>

21
       The undersigned hereby attests that each of the other Signatories hereto have concurred in
22
   the filing of this document. All necessary records supporting this concurrence have been
23
   maintained, as required by the Local Rules.
24

25                               By: *s/ Ronald I. Raether, Jr.*
26                                   Ronald I. Raether, Jr., Esq.

27

28

1

2

3

4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8

9

10

11

12

13

**JONATHAN TRIMBOLI**,

Plaintiff,

v.

**FILMSUPPLY, LLC**, a Texas Limited
Liability Company

Defendant.

Case No. 3:24-cv-06752-JD

(Assigned to the Honorable James Donato)

**ORDER GRANTING STIPULATED
MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF TEXAS
AND TO EXTEND THE DEADLINE TO
ANSWER, MOVE, OR OTHERWISE
PLEAD**

Complaint served:  September 26, 2024
Current response date:  November 27, 2024
New response date:  January 11, 2025

14

15

16

17

18

19

20

Before the Court is the Parties' Stipulated Motion to Transfer Venue to the Northern

District of Texas and to Extend the Deadline to Answer, Move, or Otherwise Plead in Response

to the Complaint. The undersigned Parties hereto have consented to transfer venue to the

Northern District of Texas and stipulated that the transfer will enhance the convenience of the

parties and witnesses and is in the interest of justice. The Parties also agree to extend the time for

Defendant to answer, move, or otherwise plead in response to the Complaint from November 27,

2024 to January 11, 2025.

21

22

Having considered the Stipulated Motion and for good cause appearing, the Court hereby

ORDERS as follows:

23

24

25

1)   The Stipulated Motion to Transfer Venue to the Northern District of Texas and to

      Extend the Deadline to Answer, Move, or Otherwise Plead in Response to the

      Complaint is GRANTED.

26

27

2)   The Clerk is directed to TRANSFER this case to the United States District Court for

      the Northern District of Texas.

28

1       3)  Defendant's responsive pleading deadline is extended forty-five (45) days up to and

2          including January 11, 2025.

3      Upon transfer, the Clerk shall CLOSE this case.

4

5  SO ORDERED this 25th day of November, 2024

6

7                              BY THE COURT

8

9

10                             _____

                                 Hon. James Donato

11                             United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO TRANSFER VENUE AND EXTEND TIME
CASE NO. 3:24-cv-06752-JD